Galveston, Harrisburg & San Antonio Railway Company v. P. T. Masterson et al.

Application No. 1664.—Decided January 13, 1898.

**Jurisdiction of Supreme Court—Settling Case.**

In a suit for death of an employee of defendant by negligence of another employee, in which the trial court instructed the jury to return a verdict for defendant, the Court of Civil Appeals reversed the judgment, holding that the alleged negligent employee was acting within the scope of his employment and was not a fellow-servant of deceased. Held, that the Supreme Court was without jurisdiction, though the ruling was alleged to practically settle the case; since the record showed that the question whether such employee was in fact negligent had not been settled by the decision. (P. 384.)

Application for writ of error to the Court of Civil Appeals for the Fourth District, in an appeal from Bexar County.

*Upson, Bergstrom & Newton,* for application.

Suit by P. T. Masterson and wife for damages by the death of their son, J. P. Masterson, a fireman in defendant's employ, who was killed by being run over by an engine while engaged in cleaning the ash pan. The death was alleged to have been caused by the negligent act of one Church, a switchman in the yards, in putting the engine in motion while decased was so engaged.

The petition for writ of error showed that it was agreed that in the event plaintiffs were entitled to recover, they were damaged in the amount of $1000 and that this should be the amount of the judgment.

The petition further alleged that the only defense of petitioner to the action was: First, that the deceased and Church were fellow-servants. Second, that Church, at the time he moved said engine, was acting outside and beyond the scope of his employment, and for such act the appellee was not liable. Also that the facts as to the employment of Church, and his duties, and the service he was engaged in at the time of the accident, as well as the employment of the deceased, J. P. Masterson, and his duties, and the service that he was engaged in at the time of the accident, were submitted to the jury and court on an agreed statement of facts, and the amount of damages that the appellant would be entitled to recover was also agreed to. "Hence we say that upon another trial of this cause, under the decision of the Court of Civil Appeals holding that this testimony showed that the defendant was liable, the District Court would be bound to instruct a verdict in favor of appellants for the amount of damages it was agreed that they had sustained; and hence the decision of said Court of Civil Appeals practically settles this case.

GAINES, CHIEF JUSTICE.—This suit was brought by the father and mother of one Joseph P. Masterson to secure damages for injuries resulting in the death of their son, alleged to have been caused by the negligence of the applicant, the Galveston, Harrisburg & San Antonio Railway Company. Upon the trial the court instructed a verdict for the defendant. Upon appeal the Court of Civil Appeals held that there was evidence to support the allegations of the petition and that the case should have been submitted to the jury, and reversed the judgment and remanded the cause.

The defendant company applies to this court for a writ of error, and in order to give us jurisdiction states in its petition that judgment of the Court of Civil Appeals "practically settles the case." We have held that when a cause has been remanded by the Court of Civil Appeals, in order to give this court jurisdiction upon the ground that the judgment of that court settles the case, the applicant must not only so state, but that it must appear from the record that its opinion is conclusive of the case, provided the evidence shall be the same upon another trial.

Does the decision of the Court of Civil Appeals practically settle the case? The allegations and proof were that the injury was caused by

the act of one Church in moving an engine and train.   Church was a switchman of the applicant, the defendant in the trial court.   The defendant contended that Church in moving the train acted without the scope of his authority, and also that he was a fellow-servant of the deceased, and that for both reasons it was not responsible for the injury. The Court of Civil Appeals hold in effect that, under the evidence, Church was not the fellow-servant of Masterson, and also that the company is responsible for his act if in fact it was negligent.   This settles two issues in the case provided the evidence is the same upon another trial.   But does it settle the question of negligence?   We think not. Their conclusion is merely, that under the evidence the case should have been submitted to the jury.   Under their ruling, it is a question for the jury whether the conduct of Church was negligent or not, and a verdict might be given either for the plaintiffs or the defendant. Evidently the decision of the Court of Civil Appeals does not settle the case, and we have no jurisdiction to grant a writ of error to their judgment.   Therefore the application is dismissed.

*Application dismissed.*